Louis Greenblatt, Appellant, *v.* David Hermann, Respondent.

*Specific performance — proceedings for the sale of a decedent's realty to pay debts — parties — the burden of proof, as to any defect of title, is on the vendee.*

The vendee of real estate refused to take title and sued the vendor for specific performance of his contract to give a good title, or else for the recovery of what had been paid on the purchase money and for damages, on the ground that a proceeding in a surrogate's court for the sale of the property to pay the debts of a former owner who had died under such circumstances that the land descended to the collateral heirs of his father and mother in equal proportions, if both left heirs, was defective for the reason that no heirs of the mother were made parties to such proceeding.

It appeared that the petition in the proceeding named the collateral heirs of the decedent's father as parties, and alleged that the parties named therein were the heirs of the decedent, and no mention was made in the proceeding of any collateral heirs of the decedent's mother, and testimony was given therein that there were no other heirs than those mentioned in the petition.

*Held,* that the allegation in the petition and the testimony were sufficient to give the surrogate jurisdiction;

That the burden was upon the plaintiff to show that defects in the title existed, and that having given no evidence to show that there were any persons not mentioned in the proceeding in the Surrogate's Court who were the heirs of the decedent's mother, he failed to establish any defect in the defendant's title;

That the plaintiff having refused, without adequate cause, to perform his contract to purchase, and not having shown that the defendant's title was defective, was neither entitled to recover what he had paid on the contract nor to a specific performance thereof.

Appeal by the plaintiff, Louis Greenblatt, from a judgment of the Supreme Court dismissing the complaint upon the merits, entered in the office of the clerk of the city and county of New York on the 3d day of April, 1893, upon a decision of the court rendered upon a trial at the New York Special Term.

*Henry S. Van Duzer,* for the appellant.

*Samuel H. Benton,* for the respondent.

Follett, J. :

This action was brought by a vendee against a vendor to compel the specific performance of an executory contract, or, in case it could not be performed, to recover the money that he had paid on the contract, together with damages for its non-performance.

October 1, 1840, Charles W. Nichols purchased the land the title to which is the subject of this action, taking a full covenant deed,

which was duly recorded October 10, 1840. On the 27th day of January, 1879, Nichols died seized of the premises. He died intestate, leaving no widow, no ancestors and no descendants. His father and mother, Benjamin and Margaret Nichols, died before him, leaving no ancestors and no descendants, except Charles W. Nichols. Under such circumstances, the land having been acquired by purchase, it descended to the collateral heirs of his father and mother in equal proportions, if both left such heirs. On the 19th of February, 1879, letters of administration were granted to John B. Knapp, James H. Nichols and Augustus H. Allen, on the estate of Charles W. Nichols, by the surrogate of the county of Kings. The decedent's personal estate was insufficient to pay his debts, and he left no real estate except that involved in this litigation. On the 11th of September, 1880, more than eighteen months after letters were issued, the administrators filed their petition in the Surrogate's Court for leave to sell this real estate for the purpose of paying the intestate's debts. It was alleged in the petition "that the deceased left no lawful issue, widow, father, mother, brothers, sisters or descendants of them, him surviving. That his heirs at law are first cousins and descendants of deceased first cousins, and their names and residences and the names and residences of the respective husbands or wives of such as are married are as follows to the best (of) our knowledge, information and belief." Then follows a list of more than fifty persons who are alleged to be the heirs at law of the decedent. All of these persons were the collateral relatives of the intestate's father, and no mention is made of any collateral relatives of the intestate's mother.

It is urged that the petition is fatally defective and conferred no jurisdiction upon the surrogate to entertain the proceedings, because it is not alleged that the intestate's mother left no collateral heirs.

A citation was duly issued and served upon the persons mentioned in the petition. On the hearing before the surrogate a so-called ancestral tree or schedule of the heirs of Charles W. Nichols was exhibited and verified by oral evidence. By this tree it appears that the persons named in the petition and cited were the heirs, on the father's side, of Charles W. Nichols. It also appears tha the mother, Margaret, was dead, and it does not disclose that she left any collateral heirs. James H. Nichols, a member of the

family, testified that he knew the decedent and that "there are no other heirs at law or descendants of heirs at law other than are mentioned there" in the schedule.

Upon this evidence and upon evidence that it was necessary to sell the real estate for the payment of debts, the property was ordered to be sold. It was sold at public auction and conveyed to the purchaser, which conveyance was confirmed by the Surrogate's Court. The defendant in this action acquired his title to the land by mesne conveyances from the purchaser at the surrogate's sale.

April 13, 1892, the parties to this action entered into an executory contract, by which the plaintiff agreed to purchase and the defendant agreed to sell the above-mentioned premises for $19,500, to be thereafter paid, the defendant agreeing to convey to the plaintiff the title to the land in fee simple, free and clear of all incumbrances except those mentioned in the contract. The plaintiff paid $1,500 on the contract, but at the time mentioned for its performance refused to accept of a conveyance, which he admitted was satisfactory in form, because, as he alleged, the proceedings in the Surrogate's Court vested no title in the purchaser at the sale. On the trial the proceedings in the Surrogate's Court were introduced in evidence, but the plaintiff failed to show, and did not attempt to show, that the decedent's mother left collateral heirs, and there is no evidence in the case of the existence of such heirs.

It is insisted that the proceedings in the Surrogate's Court are fatally defective, because it was not alleged in the petition by which the proceedings were instituted to sell the land that Margaret Nichols had no collateral heirs, and because this fact was not established by common-law proof before the Surrogate's Court.

We are of the opinion that the allegation that the persons named in the petition were the heirs of the decedent, is in legal effect an allegation that they were all of his heirs, and that it was not necessary to affirmatively allege that Margaret Nichols left no heirs. As before stated, a member of the family testified on the hearing before the surrogate that the decedent left no other heirs than those mentioned in the schedule, which were the same as those mentioned in the petition. This allegation and this evidence were sufficient to give the surrogate jurisdiction of the proceeding. And there being no evidence offered tending to show that there were any persons

not mentioned in those proceedings who were the heirs of Margaret Nichols, the plaintiff failed to establish any defect in the title of the defendant. The burden was upon him to show that defects existed. The mere fact that it was possible that Margaret might have left collateral heirs is not sufficient to entitle him to recover in this action. The plaintiff having refused to perform his contract without adequate cause, and not having shown that the defendant's title was defective, he is not entitled to recover the amount which he paid on the contract, nor is he entitled to a specific performance thereof.

The case containing exceptions which is printed with the judgment roll does not appear to have been settled by the judge before whom it was tried and ordered filed. Under such circumstances it forms no part of the record, and the questions which the appellant seeks to raise are not brought before this court for review by an appeal from the judgment. However, we have considered the case on the merits.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment affirmed, with costs.